UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Sherman Wilson, | § | No. 1:23-cv-1265-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| Police Officer A. Cordero, Police Officer | § | |
| Fabian, Police Officer Kazan, Sebero | § | |
| Lara Obregon, and Belen Martinez. | § | |
| | § | |
| *Defendants*. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is U.S. Magistrate Judge Mark Lane's Report and Recommendation, submitted November 28, 2023, recommending the Court **DISMISS WITHOUT PREJUDICE** Plaintiff Sherman Wilson's claims, except his claim for excessive force against Defendant Police Officer Andiara Cordero. (Dkt. # 9.)[1]

Also before the Court is Judge Lane's Report and Recommendation, submitted November 13, 2024, recommending that the Court **DENY** Plaintiff's

---

[1] The Court, in reviewing the record in this case following the filing of the parties' Motions for Summary Judgment (Dkts. ## 36, 40), found that the November 28, 2023 Recommendation was never adopted. In the interest of judicial efficiency, the Court has elected to address both Recommendations in this Order.

1

Motion for Summary Judgment (Dkt. # 36), **GRANT** Defendant Officer Corderos' Motion for Summary Judgment (Dkt. # 40), and **DISMISS THIS CASE WITH PREJUDICE**.

No objections to either Report and Recommendation were filed. The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendations and the information contained in the record, the Court **ADOPTS** the November 28, 2023 Recommendation and **ADOPTS IN PART** the November 13, 2024 Recommendation.

BACKGROUND

On October 18, 2023, Pro se Plaintiff Sherman Wilson ("Plaintiff") brought suit against Austin police officers Cordero, Kazan, and Fabian, and his neighbors Sebero Lara Obregon and Belen Martinez. (Dkt. # 1.) Plaintiff alleged that Officer Cordero shot him with a beanbag round at point blank range after he was compliant with all police requests. (Id. at 5.) He alleged the other Defendants made false statements that led to his arrest. (Id. at 4.) This case was originally assigned to Judge Robert Pitman and was initially referred to U.S. Magistrate Judge Mark Lane pursuant to a standing order to refer all cases in which application to proceed in forma pauperis has been made. (Dkt. # 4.) On October 24, 2023, the Magistrate Judge ordered Plaintiff to file a More Definite Statement to further explain the basis of his claims. (Dkt. # 5.) Considering the Complaint

2

and More Definite Statement (Dkts. ## 1, 8), the Magistrate Judge issued a Report and Recommendation on November 28, 2023, recommending the Court **dismiss without prejudice** Plaintiff's claims, except his claim for excessive force against Defendant Officer Cordero. The Magistrate Judge found that Plaintiff had not alleged any facts that implicated anyone other than Officer Cordero in the use of force. (Dkt. # 9 at 4.) That Report and Recommendation was never formally adopted, but the case has proceeded solely against Defendant Officer Andiara Cordero under 42 U.S.C. § 1983, with Plaintiff only issuing summons against her. (Dkt. # 10.) On December 7, 2023, this case was reassigned to the undersigned for all proceedings.

Plaintiff and Officer Cordero have each filed a Motion for Summary Judgment. (Dkts. ## 36, 40.) The Motions were referred to Magistrate Judge Lane on November 1, 2024, via Text Order. Judge Lane issued his Report and Recommendation on November 13, 2024, recommending that the Court **deny** Plaintiff's Motion for Summary Judgment (Dkt. # 36), **grant** Defendant Officer Corderos' Motion for Summary Judgment (Dkt. # 40), and **dismiss this case with prejudice. (Dkt. # 45.)** None of the parties filed objections to either the November 28, 2023 or the November 13, 2024 Report and Recommendation. The Court will address each Report in turn.

## APPLICABLE LAW

Objections to the Recommendations were due by the parties within 14 days after being served with a copy. Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Recommendations for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

I. November 28, 2023 Recommendation

After careful consideration, the Court ADOPTS the Magistrate Judge's November 28, 2023 Recommendation as the opinion of the Court and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Austin police officers Kazan and Fabian, and his neighbors Sebero Lara Obregon and Belen Martinez for false statements that led to his arrest. (Dkt. # 9.)

A claim for detention based on the wrongful institution of legal process does not ripen until the criminal prosecution ends in the plaintiff's favor. Winfrey v. Rogers, 901 F.3d 483, 492 (5th Cir. 2018). Plaintiff alleged in his Complaint that a warrant was issued for his arrest, but he did not allege the charges had ended in his favor. Accordingly, Judge Lane found Plaintiff had failed to state a claim based on his arrest and detention. The Court finds that Judge Lane's analysis is reasonable and absent of clear error. Defendant's claims against Austin

police officers Kazan and Fabian, and his neighbors Sebero Lara Obregon and Belen Martinez are therefore **DISMISSED WITHOUT PREJUDICE**.

Plaintiff is advised that any claims dismissed without prejudice may be refiled in a new action, provided that Plaintiff addresses the deficiencies identified in this Order and complies with all applicable procedural and substantive legal requirements, including issuing summons and properly serving the Defendants.

II.     November 16, 2024 Recommendation

After careful consideration, the Court **ADOPTS IN PART** the Magistrate Judge's November 16, 2024 Recommendation and **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment. (Dkts. ## 36, 40.) The Court finds that Judge Lane's analysis is reasonable and absent of clear error. However, given the Court has also adopted the November 28, 2023 Report recommending the Court dismiss Plaintiff's claims against all Defendants other than Cordero without prejudice, it declines to adopt Judge Lane's recommendation that the case be dismissed in its entirety with prejudice. Accordingly, only Plaintiff's claim against Officer Cordero is **DISMISSED WITH PREJUDICE.**

Plaintiff is advised that the dismissal of the excessive force claim against Officer Cordero with prejudice means that this claim is permanently

dismissed and cannot be refiled against Officer Cordero in the future. This constitutes a final adjudication on the merits of that claim.

A. Legal Standards

1. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986); Wise v. E.I. Dupont de Nemours & Co., 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. Estate of Smith v. United States, 391 F.3d 621, 625 (5th Cir. 2004). It is not the court's responsibility to hunt through the summary judgment record to determine if a party's arguments are supported by

the record. Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."); Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.").

The court will view the summary judgment evidence in the light most favorable to the non-movant. Griffin v. United Parcel Serv., Inc., 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. Miss. River Basin Alliance v. Westphal, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." Id.

2. Pro Se Litigants

Although courts "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with [federal procedural rules]." Grant v. Cuellar, 59 F.3d 524, 524 (5th Cir. 1995). "'The notice afforded by the Rules of Civil Procedure and the local rules' is

'sufficient to advise pro se litigants of their burden[;] . . . no 'particularized additional notice' for pro se litigants is required.")." Thorn v. McGary, 684 F. App'x 430, 433 (5th Cir. 2017) (per curiam) (quoting Martin v. Harrison Cty. Jail, 975 F.2d 192, 193 (5th Cir. 1992)).

B.  Plaintiff's Motion for Summary Judgment

In his motion for summary judgment, Plaintiff protests opposing counsel's "stall tactics." (Dkt. # 36.)  The Magistrate Judge found Plaintiff made no specific argument related to his excessive force claim. (Dkt. # 45 at 4.)  Instead, as the Magistrate Judge noted, Plaintiff attached 13 exhibits in support of his motion.  (Id.)

"Any legal authority in support of a motion must be cited in the motion, and not in a separate brief. . . . All motions must state the grounds therefor and cite any applicable rule, statute, or other authority justifying the relief sought." Local Rule CV-7(c)(1).  Plaintiff's motion does not explain why summary judgment should be granted in his favor.  The Magistrate Judge found, and the Court agrees, that apart from describing one exhibit as showing that he was shot with the beanbag round while his hands were in the air, Plaintiff makes no argument that would support summary judgment on his claim against Officer Cordero.  Accordingly, the Magistrate Judge recommended the Court deny Plaintiff's motion for summary judgment.

8

The Court determines that Judge Lane's conclusions and recommendation are neither clearly erroneous nor contrary to law. (Dkt # 45.) Accordingly, the Court adopts the Report and Recommendation as its own and **DENIES** Plaintiff's Motion for Summary Judgment against Officer Cordero. (Dkt. # 36.)

### C. Officer Cordero's Motion for Summary Judgment

Officer Cordero argues summary judgment should be granted in her favor because: 1) she was not the officer who used force on Plaintiff, 2) Wilson has offered no evidence that he suffered any physical injury sufficient to constitute a constitutional violation, and 3) none of her actions were objectively unreasonable or violated clearly established law. (Dkt. # 40.)

#### 1. Applicable Law

##### i. Excessive Force

"To establish a claim of excessive force under the Fourth Amendment, plaintiffs must demonstrate: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Deville v. Marcantel, 567 F.3d 156, 167 (5th Cir. 2009) (quotations omitted). Although the injury need not be "significant" to support an excessive force claim, an injury that is merely de minimis will not suffice. See id. at 168-69.

9

A law enforcement officer, in conducting an investigative detention or arrest, has authority to employ some force or threat of force to effect it. See Graham v. Connor, 490 U.S. 386, 396 (1989). However, it is well-established that such force can violate the Fourth Amendment if it becomes excessive. Accordingly, the Supreme Court, in Graham, established three guideposts for the determination of whether a particular use of force was "excessive to the need": (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to police officers or civilians; and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by fleeing the scene. See id. The Graham factors remain the guiding framework for judging whether an officer's use of force was excessive. See, e.g., Ramirez v. Martinez, 716 F.3d 369, 377–78 (5th Cir. 2013); Deville, 567 F.3d at 167.

The factual circumstances which may give rise to an excessive force claim are virtually limitless. Consequently, the objective reasonableness of a particular use of force is highly fact- and context-specific. See Tarver v. City of Edna, 410 F.3d 745, 753 (5th Cir. 2005) ("To determine the objective reasonableness of an officer's use of force, 'we pay careful attention to the facts and circumstances of each particular case . . . .'") (quoting Gutierrez v. City of San Antonio, 139 F.3d 441, 447 (5th Cir. 1998)). It must be judged in light of the information available to the officer at the time. See Graham, 490 U.S. at 397.

Some amount of deference is afforded to the officer's discretion, as his or her work in real time, in unknown and often dangerous and difficult-to-manage environs, often requires split-second decisions based on evolving information.  See Brown v. Glossip, 878 F.2d 871, 873 (5th Cir. 1989).  Indeed, "[t]he 'reasonableness' of a particular use of force" cannot be judged "with the 20/20 vision of hindsight." Graham, 490 U.S. at 396.

At the same time, the standard is an objective one—whether the use of force was "'objectively reasonable' in light of the facts and circumstances confronting [the officer]" at the time force was employed.  See id. at 397; see Poole v. City of Shreveport, 691 F.3d 624, 630 (5th Cir. 2012) ("Officers' subjective intent is irrelevant [to qualified immunity].").  "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."  Graham, 490 U.S. at 397.

    ii. Qualified Immunity

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In reviewing a motion for summary judgment based on qualified immunity, courts engage in a two-pronged inquiry.

11

Tolan v. Cotton, 134 S. Ct. 1861, 1865 (2014).  First, courts ask whether the facts, taken in the light most favorable to the plaintiffs, show the officer's conduct violated a federal constitutional or statutory right. Id. Second, courts ask whether right in question was "clearly established" at the time of the violation. Id. at 1866.  A court has discretion to decide which prong to consider first.  Id.; Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Lytle v. Bexar County, 560 F.3d 404, 410 (5th Cir. 2009) (quotations omitted).  "When considering a defendant's entitlement to qualified immunity, [a court] must ask whether the law so clearly and unambiguously prohibited his conduct that 'every reasonable official would understand that what he is doing violates [the law].'"  Morgan v. Swanson, 659 F.3d 359, 371–72 (5th Cir. 2011) (en banc) (quoting Ashcroft v. al-Kidd, 563 U.S. 731 (2011)).  Courts should define the "clearly established" right at issue on the basis of the "specific context of the case," but at the same time "must take care not to define a case's 'context' in a manner that imports genuinely disputed factual propositions."  Tolan, 134 S. Ct. at 1866.  A plaintiff has the burden of overcoming the qualified immunity defense.  Bennett v. City of Grand Prairie, 883 F.2d 400, 408 (5th Cir. 1989).

2. <u>Analysis</u>

In her Affidavit filed in support of her motion, Cordero states:

> As we approached the scene, I heard yelling coming from in front of the home and saw Wilson standing in the front yard. Officers gave commands to Wilson to show his hands. Wilson raised both hands and was holding a black pistol in one hand. Multiple officers gave loud commands to Wilson to drop the weapon. Wilson did not comply with the commands and began arguing with the officers. Officer Cilento then fired a less lethal beanbag round at Wilson which struck Wilson in the hip area. The beanbag caused Wilson to drop the pistol and officers detained Wilson in handcuffs. After officers handcuffed Plaintiff, I picked up the pistol that Wilson dropped. I later interviewed the complainant neighbor and other witnesses. During the entirety of the incident, I did not use any force whatsoever on Sherman Wilson.

(Dkt. # 40-1 at ¶¶ 7-8.)  In support of her motion, Cordero also submitted videos from body cameras worn by herself, Officer Cilento, and Officer Kazan. (Dkts. ## 40-2, 40-3, 40-4.)  The Magistrate Judge found, and this Court agrees that the videos show it was Officer Cilento who fired the beanbag round at Plaintiff, not Officer Cordero.  (Dkt. # 40, Ex. 3 [Cilento video] at Timestamp 23:30:47-54.); <u>see also</u> (Dkt. 40, Ex. 2) [Cordero video] (not firing a weapon).

The Magistrate Judge also found, and this Court again agrees, that another video shows that although Plaintiff had his hands in the air when he was shot, he was also holding a gun and not following numerous, repeated, instructions to "drop it!" and "drop the gun!"  (Dkt. # 40-4 [Kazan video] at Timestamp 23:30:45-56.)  Being struck with the beanbag round caused Plaintiff to drop the weapon.  <u>Id.</u>  He was then taken into custody.

13

Plaintiff argues it is unfair that Cordero now says it was not her who filed the round at issue. (Dkt. # 36.)  He specifically calls out the bad faith of Cordero's attorneys.  The Magistrate Judge noted that it is perplexing as to why the defense attorneys in this case did not seek leave to substitute the proper Officer once they realized Cordero had not fired the round at issue.[2]  However, the Magistrate Judge ultimately found, and this Court agrees, because the video evidence clearly shows that Cilento fired the round at issue, not Cordero, Cordero's motion for summary judgment should be granted.  (Dkt. # 45 at 7.)

The Court determines that Judge Lane's conclusions and recommendation are neither clearly erroneous nor contrary to law.  (Dkt # 45.) Accordingly, the Court adopts in part the Report and Recommendation and **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.  (Dkt. # 45.)  However, the Court declines to adopt Judge Lane's Recommendation that the case be dismissed in its entirety with prejudice. That outcome would conflict with the dismissal without prejudice of Plaintiff's claims against the other Defendants.

---

[2] It has come to the Court's attention that on September 6, 2024, Plaintiff filed a Complaint against Officer Cilento. The case number for that action is 1:24-cv-1047-DII.

3. Leave to Amend

As the Magistrate Judge noted, normally, in a situation such as this where a plaintiff has named the wrong defendant, the Court would recommend that the plaintiff be granted leave to amend their complaint to name the proper defendant.  However, the Court recognizes that Plaintiff has already filed a separate Complaint against Officer Cilento, case 1:24-cv-1047-DII.  In light of that fact, the Court adopts the Magistrate Judge's Recommendation that Plaintiff not be granted leave to amend.

## CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Lane's November 28, 2023 Report and Recommendation (Dkt. # 9) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Austin police officers Kazan and Fabian, and his neighbors Sebero Lara Obregon and Belen Martinez.  (Dkt. # 9.)

The Court further **ADOPTS IN PART** Judge Lane's November 16, 2024 Recommendation and **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.  (Dkts. ## 36, 40.)

Plaintiff's claims against Defendants Kazan, Fabian, Obregon, and Martinez are **DISMISSED WITHOUT PREJUDICE.** Plaintiff's excessive force claim against Defendant Officer Cordero is **DISMISSED WITH PREJUDICE.**

**THE CLERK IS INSTRUCTED TO CLOSE THE CASE.**

**IT IS SO ORDERED.**

**SIGNED:** Austin, Texas, December 16, 2024

_____
Hon. David Alan Ezra
Senior U.S. District Judge